UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SRM CHEMICAL LTD, CO., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1419 (ESH) |
| FEDERAL MEDIATION AND CONCILIATION SERVICE, | ) ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| SYNGENTA CROP PROTECTION, INC., | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

## MEMORANDUM OPINION

### BACKGROUND

Plaintiff SRM Chemical Ltd. Co. ("SRM") has filed suit, challenging the Federal Mediation Conciliation Service's ("FMCS") ruling upholding the American Arbitration Association's ("AAA") decision to appoint three arbitrators, instead of one, to hear plaintiff's data compensation dispute involving defendant-intervenor, Syngenta Crop Protection, Inc. This arbitration is being conducted pursuant to the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"). *See* 7 U.S.C. §§ 136 *et seq*.

The background surrounding Congress' amendment of FIFRA in 1978 to provide for an arbitration mechanism is set forth in *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568 (1985), and this Court's decision in *Cheminova v. Griffin*, 182 F. Supp. 2d 68 (D.D.C. 2002).

Under this scheme, the procedures governing an arbitration proceeding involving pesticide data disputes are set forth in the rules adopted by FMCS. 7 U.S.C. § 136a(c)(1)(F)(iii). These FMCS rules provide that for purposes of compliance with FIFRA, the procedures and rules of the AAA are incorporated into FMCS' regulations. *See* 29 C.F.R. § 1440.1. FMCS thereby adopted AAA's commercial arbitration rules, including the following rule: "If the arbitration agreement does not specify the number of Arbitrators, the dispute shall be heard and determined by one Arbitrator, unless the AAA in its discretion, directs that a greater number of Arbitrators be appointed." *Id*. at Part 1440, App. 9.

Syngenta invoked these arbitration procedures and requested three arbitrators. SRM objected. By letter dated June 8, 2004, the AAA determined that a three-arbitrator panel would hear the dispute. (R. 16.) SRM appealed AAA's decision to FMCS, and after the issue was briefed by the parties, the FMCS affirmed the AAA's decision on July 20, 2004. (R. 127.)

In response, SRM filed suit, challenging FMCS's decision and asking this Court to appoint a single-arbitrator panel. Based on SRM's memorandum in opposition to defendants' motions, it appears that it claims that its appeal is reviewable under the federal question jurisdiction, 28 U.S.C. § 1331, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq*. It further argues that the AAA's decision to appoint three arbitrators in FIFRA data compensation disputes, which has been upheld in this case by the FMCS, sidesteps FIFRA's presumption in favor of a single arbitrator and effectively established a *de facto* rule in violation of the APA's requirement for rulemaking. In addition, plaintiff argues that the imposition of this *de facto* rule unlawfully denies plaintiff due process because it must pay extra money for the additional arbitrators.

In response, FMCS and Syngenta have moved to dismiss, or in the alternative, for summary judgment on the grounds that this Court lacks subject matter jurisdiction over this matter, or, in the alternative, even if jurisdiction does exist, plaintiff cannot prevail under the APA because FMCS's decision in this case did not constitute unauthorized rulemaking, nor can plaintiff make out a due process claim.  The Court agrees, and therefore, it grants the motions to dismiss.

**ANALYSIS**

**I.     Jurisdiction**

As is clear from the Supreme Court's decision in *Thomas* and this Court's decision in *Cheminova*, FIFRA clearly limits judicial review of data compensation arbitration "findings and determination[s]" to final awards challenged on the basis of "fraud, misrepresentation, or other misconduct by one of the parties to the arbitration or the arbitrator. . . ."  7 U.S.C. § 136a(c)(1)(F)(iii).  *See, e.g.*, *Thomas*, 473 U.S. at 573-77, 591 ("the FIFRA arbitration scheme incorporates its own system of internal sanctions and relies only tangentially, if at all, on the Judicial Branch for enforcement"); *Cheminova*, 182 F. Supp. 2d at 72 (arbitration mechanism does "not require active government involvement . . . [and] should be determined to the fullest extent practicable, within the private sector").  *See also Defenders of Wildlife v. EPA*, 882 F.2d 1294, 1303 (8th Cir. 1989) (district court has no jurisdiction over APA claim because FIFRA "provides the mechanism for obtaining judicial review").  In addition to this statutory limitation on judicial review, the conclusion that the statute precludes judicial review under the APA, 5 U.S.C. § 701(a), is consistent with the law's well-established tradition that severely limits

judicial review of arbitration proceedings. *See Cheminova*, 182 F. Supp. 2d at 74 ("absent a plain indication to the contrary, Congress intended the FIFRA arbitration scheme to fit within existing arbitration law.") Under general arbitration law, judicial review involves only limited substantive review so as "to avoid undermining the goals of arbitration, namely, settling disputes efficiently and avoiding lengthy and expensive litigation." *Id*. at 78 n.7 (internal citation and quotation marks omitted). While this review includes a "review of the arbitrator's 'findings and determination' for fraud, misconduct or misrepresentation," and "review of constitutional error is preserved," *Thomas*, 473 U.S. at 592, it certainly does not encompass review of a procedural decision regarding the number of arbitrators who will sit on the panel. *See*, *e.g.*, *Teamsters Local Union No. 61 v. United Parcel Service, Inc.*, 272 F.3d 600, 604 (D.C. Cir. 2001) ("Judicial deference to an arbitrator is broader still if the arbitrator's decision is a procedural one.")[1/]

In view of these guiding principles of law, as well as the statutory limitation on judicial review set forth in the FIFRA, 7 U.S.C. § 136a(c)(1)(F)(iii), the Court concludes that it has no jurisdiction over plaintiff's interlocutory appeal of the FMCS's decision to uphold the AAA's appointment of a three-arbitrator panel. Any contrary result would frustrate the very purposes for establishing a private arbitration mechanism to resolve data valuation disputes without active government or judicial involvement.

---

[1/] Alternatively, the Court would dismiss for lack of jurisdiction on the grounds that: (1) the APA limits judicial review to those agency actions which are final," which precludes review of decisions that are "preliminary" and "procedural," 5 U.S.C. § 704; and (2) the number of arbitrators is "committed to agency discretion by law," 5 U.S.C. § 701(a), by virtue of FIFRA, 7 U.S.C. § 136a(c)(1)(F)(iii), which allows FMCS to establish the procedures and rules governing arbitration proceedings.

**II.     APA**

Even if it were arguable that the Court has jurisdiction, it would conclude that plaintiff has failed to state a cause of action under the APA's notice and comment requirements. 5 U.S.C. § 553(b). FMCS's decision in this case is not the equivalent of a *de facto* legislative rule. The FMCS's letter affirming the AAA's decision was not published in the Federal Register nor was it codified in the Code of Federal Regulations. Its decision merely applies its existing regulations and has no binding effect on future action. Rather, the FMCS is free to exercise its discretion in the future. *See*, *e.g.*, *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004); *Gen. Elec. v. EPA*, 290 F.3d 377, 383 (D.C. Cir. 2002); *Am. Hosp. Ass'n v. Bowen*, 834 F.2d 1037, 1046 (D.C. Cir. 1987). In fact, evidence presented by the plaintiff (*see* Defendant-Intervenor's Ex. I at 3-4) demonstrates that the agency's past practice belies any argument that there is a binding ruling in data compensation disputes requiring a three-arbitrator panel. *See Gen. Elec.*, 290 F.3d at 383.

Further, the rule regarding the number of arbitrators addresses a procedural matter and is thus exempt from the APA's rulemaking requirements. *Guardian Fed. Savings & Loan Ass'n v. Fed. Savings & Loan Ins. Corp.*, 589 F.2d 658, 665-66 (D.C. Cir. 1978) (Federal Savings & Loan Insurance Corporation regulation requiring that audits be performed by private accountants was a procedural rule exempt from APA).

Finally, plaintiff cannot make out a claim for a due process violation based on the allegation that the appointment of three arbitrators deprives SRM of its property, thereby constituting an unlawful taking of property without due process. SRM cites absolutely no law to support this novel claim, nor does it even address the adequacy of the notice and opportunity to

be heard that was afforded by the FMCS before it made its decision. Contrary to plaintiff's argument, SRM has no legitimate claim of entitlement to a single-arbitrator panel. *See Bloch v. Powell*, 348 F.3d 1060, 1068-69 (D.C. Cir. 2003) ("When a statute leaves a benefit to the discretion of a government official, no protected property interest in that benefit can arise.") It is also clear that a government-imposed obligation to pay money is not susceptible to a takings analysis. *See, e.g.*, *Atlas Corp v. United States*, 895 F.2d 745, 756 (Fed. Cir. 1990). Thus, plaintiff's due process claim must fail as a matter of law.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted and the above-captioned action is dismissed with prejudice.

                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                          

                                                       _____s/_____
                                                       ELLEN SEGAL HUVELLE
                                                       United States District Judge

Date:  January 21, 2005